(Surrogate's Court, New York County.  December, 1902.)

1. TRANSFER TAX—LEGACY TO CHILD.
    Where the evidence showed that testator occupied for more than 10 years the relation of a parent towards his residuary legatee, and that such relationship began before her fifteenth birthday, a legacy was, under the direct provisions of Laws 1898, c. 88, § 1, subject to a transfer tax of 1 per cent., and no more.

In the matter of the estate of John G. Lane.  From an order assessing and fixing the transfer tax, the executor appeals.  Modified.

Stephen W. Collins, for appellant.
Edward H. Fallows, for state comptroller.

THOMAS, S.  The fact that the deceased stood toward Elizabeth S. Albertson, the residuary legatee, in the mutually acknowledged relation of a parent, at least from the time of his marriage to her mother, on June 29, 1879, nearly 20 years before his death, is fully established by evidence, and is not disputed.  At that time Mrs. Albertson was about 15 years and 5 months old; and the statute requires, in order that the rate of transfer tax shall be reduced to 1 per centum, that the relationship should have begun at or before her fifteenth birthday.  Tax Law 1896, § 221, as amended by Laws 1898, c. 88.  For more than 7 years prior to Mrs. Albertson's fifteenth birthday, she and her mother were members of the household of the decedent; and though the proof of specific acts on his part, prior to that time, acknowledging her as his child, is not very full or specific, it is entirely uncontradicted, and is sufficient.  For example, George B. Borton and Susan W. Borton jointly affirm "that the said Elizabeth S. Albertson went to live with John G. Lane when she was a small child, and before she was eight years old, and then became a member of his family, and that before her fifteenth birthday the mutual relation of father and daughter existed between them, and that they addressed and introduced each other as such."  The burden of proof rested on the executor, but nothing more was required of him than to establish the fact by evidence prima facie sufficient.  The order appealed from will be modified by reducing the tax on the legacy to Mrs. Albertson to 1 per centum of its appraised value.

As to the second ground of appeal, the recent decision of the court of appeals in Matter of Jones' Estate, 172 N. Y. 575, 65 N. E. 570, is controlling in favor of the state.  Order affirmed, except as above modified.

Order modified and affirmed.